[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Sept. 24, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-17129
Non-Argument Calendar

_____

D. C. Docket No. 08-02213-CV-BE-E

THRESA LYNN WILLIAMS,

Plaintiff-Appellant,

versus

ALFA INSURANCE AGENCY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(September 24, 2009)

Before CARNES, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Thresa Lynn Williams, proceeding pro se, appeals the district court's order sua sponte dismissing her breach of contract action against ALFA Insurance Agency ("ALFA") without prejudice for lack of federal subject-matter jurisdiction. We review a district court's determinations regarding its subject-matter jurisdiction de novo. Sweet Pea Marine, Ltd. v. APJ Marine, Inc., 411 F.3d 1242, 1247 (11th Cir. 2005).

Federal courts have limited jurisdiction. This means that they only have the power and authority to hear certain categories of cases. A district court must determine that a case falls into one of these categories before it can consider the arguments brought by the parties. It cannot simply decide any dispute that comes before it.

Ms. Williams argues that this case falls into two categories of federal jurisdiction. First, she argues that the defendant violated a federal statute – this falls within the court's federal question jurisdiction. See 28 U.S.C. § 1331. Second, she argues that she is a citizen of a different state than the defendant – this could potentially put the dispute within the federal court's diversity jurisdiction. See 28 U.S.C. § 1332(a). We will address each of Ms. William's two arguments separately.

Ms. Williams points to only one federal statute, which is a law passed by the

United States Congress. She claims that the defendant violated the Privacy Act. See 5 U.S.C. § 552a. However, the Privacy Act of 1974 applies only to government agencies. See Schwier v. Cox, 340 F.3d 1284, 1287-88 (11th Cir. 2003). The defendant is a private corporation, not a government agency. Therefore, any claim under the Privacy Act is "wholly insubstantial." A claim may be dismissed for lack of subject-matter jurisdiction if it is "wholly insubstantial and frivolous." Blue Cross & Blue Shield of Ala. v. Sanders, 138 F.3d 1347, 1352 (11th Cir. 1998) (quotation omitted).

Now we will turn to Ms. Williams' second argument. In order to establish diversity jurisdiction, Ms. Williams must show, inter alia, that she is a citizen of a different state than the defendant. 28 U.S.C. § 1332(a)(1). Ms. Williams is a citizen of Alabama. ALFA is a private corporation. A corporation is a citizen of both the state where it is incorporated and the state where it has its principal place of business. See 28 U.S.C. § 1332(c). The district court made the following findings. ALFA is incorporated in Alabama and has its principal place of business in Alabama. ALFA is a subsidiary of ALFA Corporation. ALFA Corporation is incorporated in Delaware but has its principal place of business in Alabama. A district court's determination of a corporation's principal place of business is reviewed for clear error. Id. Ms. Williams has not challenged these findings.

3

Therefore, there is no clear error. For purposes of diversity jurisdiction, Ms. Williams, ALFA and ALFA Corporation are all citizens of Alabama. Accordingly, the parties are not citizens of different states – meaning that there is no diversity jurisdiction.

In conclusion, this case does not fall within a category over which the federal courts have the ability to hear the claims brought by Ms. Williams.[1]

The opinion of the district court is

AFFIRMED.[2]

---

[1] Ms. Williams also argues that she has a constitutional right to a trial where she can call witnesses. Without jurisdiction, the federal courts do not have the ability to hear this case. We note that most state courts are courts of general jurisdiction. 13 Wright, Miller, Cooper & Freer, Federal Practice and Procedure § 3521 (2009). Contract disputes are typically matters of state law. 32 Am. Jur. 2d Federal Courts § 338 (2009).

[2] Ms. Williams' motion to expedite is denied.